## Carloss *v.* Oxford.

Opinion delivered March 19, 1904.

Deed—condition precedent.—Where a deed stipulated that it was executed for the purpose of enabling the grantee to effect a loan, and that if the loan was not effected it was to be void, the negotiation of the loan was a condition precedent, without which the deed was of no effect.

Appeal from Little River Chancery Court.

James D. Shaver, Chancellor.

Suit by W. W. Carloss and others against Charles E. Oxford and others. Plaintiffs have appealed from a decree in defendants' favor. Reversed.

*John N. Cook* and *E. F. Friedell,* for appellants.

No loan was obtained, and there could be no delivery until that condition was complied with. Tied. Real Property, § § 813-815; 69 Tex. 517; 30 Ark. 61. The loan was a condition precedent. 26 Ark. 617; 28 Ark. 48; 3 Ark. 252; 21 Ark. 238; 3 Ark. 334; Tied. Real Property, 273-7; 4 Kent, 124; 2 Blackstone, 152. No particular words are necessary to the creation of such a condition. Tied. Real Property, 272; 2 John. 148. The grantee has a reasonable time to perform the condition. Hopkins, Real Property, 171. Conditions precedent must be strictly and literally complied with. 5 Ark. 597; 2 Dallas, 316; 4 Wheaton, 76. Whenever there is great weakness of mind in a person executing a conveyance, though not amounting to absolute disqualification, the consideration being inadequate, a court of equity will set aside the conveyance. 72 Cal. 210; 31 Am. Rep. 385; 94 U. S. 506; 15 Ark. 555. Limitation does not run against a remainderman until after the death of the life tenant. 53 Ark. 400; 58 Ark. 510; 60 Ark. 70. Nor against a married woman. 62 Ark. 316; 64 Ark. 412; Sand. & H. Dig. § 4815.

HUGHES, J.   The plaintiffs brought a complaint in equity to set aside and cancel two deeds, one purporting to have been made by the plaintiff, Mary F. Carloss, to certain lands therein described to Rhoda A. Hamiter, and one for the same lands made by Rhoda A. Hamiter to Rhoda A. Alexander, and alleged that the plaintiff, Mary F. Carloss, was the daughter and heir at law of David Hamiter, deceased, who died, seized and possessed of said lands about the 16th day of May, 1886; that she is the owner of one-half of said lands; that the two defendants, May Oxford and Myra Oxford, are the heirs at law of their grandmother, Rhoda A. Alexander, who was the daughter and heir at law of David Hamiter, deceased, and that Rhoda A. Hamiter departed this life about the 20th of August, 1891, and that Rhoda A. Alexander departed this life about the 24th of May, 1900; that the defendant, Chas. Oxford, is the father and qualified guardian of May and Myra Oxford; that W. W. Carloss is the husband of Mary F. Carloss; and that Mary F. Carloss is the daughter and heir at law of said Rhoda A. Hamiter, deceased.   Plaintiffs allege that said lands had been set aside to Rhoda A. Hamiter in her lifetime, as the widow of David Hamiter, deceased, for and during her natural life, but no longer; that said plaintiff, Mary F. Carloss, as the daughter and heir at law of said David Hamiter, deceased, is the owner in fee, and entitled to the possession of an undivided one-half interest in and to said lands.   Plaintiffs further allege that on or about the 3d of August, 1888, one W. M. Campbell, an attorney at law, of Texarkana, Texas, and who represented a loan company, represented to these plaintiffs that said Rhoda A. Hamiter, the mother of appellant, Mary F. Carloss, was greatly in need of some money, and desired to negotiate a loan, and said Campbell stated to plaintiffs that said Rhoda A. Hamiter could negotiate such loan if the plaintiff, Mary F. Carloss, would release her reversionary interest (remainder) in the lands mentioned, and plaintiffs, relying on said representations of said Campbell that he would obtain said loan from his said company, executed to said Rhoda A. Hamiter a deed for that purpose, but for no other, which deed contained the following  stipulations and reservations, to wit:   "This deed is executed for the purpose of effecting a loan, which loan if made this deed is to remain good and binding, otherwise to be null and void," and plaintiffs released

the interest of said plaintiff Mary F. Carloss to said Rhoda A. Hamiter in said lands upon said representations so made by said Campbell and relied upon by said plaintiffs. A certified copy of said deed is attached to said complaint as "Exhibit C," and made part thereof. Plaintiffs further allege that no consideration was given for said deed, and that the same was never delivered to said Rhoda A. Hamiter, but they state that said deed was deposited with said Campbell with the express understanding and agreement that the same should be returned to plaintiffs or destroyed if said Rhoda A. Hamiter did not effect said loan from said company represented by said Campbell, and that no loan was ever effected. They further say that about the time said deed was left with said Campbell he was suddenly killed, and plaintiffs were under the impression that said deed had been destroyed until after the death of said Rhoda A. Hamiter; and plaintiffs say that the possession of said deed was obtained by said Rhoda A. Hamiter through fraud, and that said Rhoda A. Alexander knew of and participated in said fraud. Plaintiffs further say that they live in Lafayette county, and that since the execution of said deed they have not been to Richmond, the county seat of Little River county, and that the using and recording of said deed was a fraud on the rights of said plaintiff, Mary F. Carloss. Plaintiffs further allege that the deed or paper writing purporting to have been executed on the 13th of August, 1894, by said Rhoda A. Hamiter to said Rhoda A. Alexander, and marked "Exhibit D" to this complaint, is not the deed of said Rhoda A. Hamiter, but the said Rhoda A. Hamiter at the date of said deed or paper writing was not of sound mind and memory, but, by reason of extreme old age, blindness, deafness and protracted illness, was mentally incapacitated from making a valid conveyance. Said plaintiffs further say that said deed was obtained by the undue influence of said Rhoda A. Alexander. The prayer of plaintiffs is that both of said deeds be canceled, in so far as one-half interest is concerned, and that partition be made between plaintiffs and defendants; also that guardian *ad litem* be appointed to represent said minor defendants, May and Myra Oxford.

C. E. Oxford was appointed guardian of the minor defendants in vacation. Defendants filed an answer admitting the relationship as alleged by plaintiffs, but deny the ownership of plaintiff Mary F. Carloss. They deny that Campbell made any representations to plaintiffs in order to obtain said deed to Rhoda A. Hamiter, deny that said deed was not delivered, deny that a loan was never obtained, deny that said deed was obtained by fraud, deny that the deed of Rhoda A. Hamiter to Rhoda A. Alexander was a fraud upon plaintiff Mary F. Carloss, and deny that said Rhoda A. Hamiter was not of sound mind when said deed was executed. They allege that they and their mother, and their grandmother, Rhoda A. Hamiter, have been in adverse possession of the lands claimed by plaintiffs for a period of more than seven years, and that plaintiffs' claim is barred and without equity.

The court found against the plaintiffs, and decreed accordingly, and plaintiffs excepted and appealed to this court.

The evidence in the case shows that Mary F. Carloss executed the deed to her mother, Rhoda A. Hamiter, for the specific and express purpose only to enable the said Rhoda Hamiter to negotiate a loan on the land therein conveyed, with conditions expressed in the deed that "this deed is executed for the purpose of effecting a loan, which loan if made this deed is to remain good and binding, otherwise to be null and void." It appears from the evidence that this deed was executed upon the representation of one W. M. Campbell that Rhoda A. Hamiter, the mother of Mary F. Carloss, was greatly in need of money, and desired to negotiate a loan, and that said Campbell stated to Mary F. Carloss that Rhoda A. Hamiter could negotiate a loan if the plaintiff Mary F. Carloss would release her reversionary interest or (remainder) in the lands mentioned, and, relying upon said representation that he would obtain said loan from his said company, Mary F. Carloss executed to Rhoda A. Hamiter a deed for that purpose, but for no other. It is shown by the evidence that the deed thus executed was delivered to Campbell, and was not delivered to Rhoda A. Hamiter upon the condition that, if the loan was not effected, the said deed should be returned to the plaintiff Mary F. Carloss or destroyed.

It appears that Campbell, who was a loan agent, died soon after the deed was delivered, or, rather, that he was killed, and the loan was never effected. Therefore this deed never took effect. It was made to take effect only upon the condition therein expressed, which was a condition precedent. The consideration expressed in the deed to Mrs. Rhoda A. Hamiter was one cent, and the purpose to enable Mrs. Hamiter to negotiate a loan. The purpose failed of acomplishment, and, as provided in the deed in that event, the deed became void. The deed being void and of no effect as to Mrs. Rhoda Hamiter, the grandchildren of Rhoda A. Hamiter, claiming through her, take nothing by reason of said conveyance to Rhoda A. Hamiter.

The decree is reversed and remanded with directions to enter a decree for appellants in accordance herewith.